Okey, C. J.
Admitting that the plaintiff was not without a remedy, the defendant insists that relief should have been sought by requesting the city solicitor to bring suit (R. S. § 1777), and that on his failure to comply with the request, there would have been a right of action at the suit of the plaintiff. R. S. § 1778. But these sections have no application. Section 550, of the municipal code of 1869, as aineuded in the revision (R. S. § 2289), provides that in an action by the city (R. S. §§ 2286, 2294, 2303), to enforce an assessment, “ a substantial defect in the construction of the improvement shall be a complete defense.” Doubtless the same rule would apply in a suit by the treasurer to collect the assessment. 77 Ohio L. 13; R. S. §§ 1102, 1103. But a treasurer may collect taxes or assessments by distraining goods and chattels (R. S. § 1095), or he may sell the lands upon which taxes or assessments have been levied, the duplicate having the force of an execution. (R. S. § 2870); and the latter, it is fair to say from the averments of this petition, was the mode intended to be pursued by this defendant. Where the proceeding is by distraint, or the treasurer is proceeding to sell under the authority conferred by the duplicate, the provision of section 2289, above quoted, will' not in terms apply; but by confining it to actions brought by the city or the treasurer, we would place upon the provision a construction which is wholly unwarranted. Such a construction would enable the city and treasurer to render the provision wholly nugatory. We are satisfied that whether a question alises upon that provision at law or in equity, the rule ought to be the same (31 Ohio St. 450), and that where the treasurer, as here, is enforcing an assessment of the character claimed, without suit, he may be restrained. True, it is a well known maxim, that he who seeks equity must do equity, but wTe are unable to say, looking to the averments of this petition, and giving to them the liberal construction required (R. S. §5096), that relief should be denied by the application of that rule.
It is urged that the improvement contemplated in the proceedings of council, and contracted for between the city and *318 the company, was entirely abandoned, and, hence, that the assessment is illegal and may be enjoined. R. S. pt. 3, tit. 1, div. 7, cli. 13. No doubt an assessment not based on proper preliminary steps is illegal. R. S. § 2261 et seq.; Folz v. Cincinnati, 2 Handy, 261. And where proceedings for an improvement are abandoned, and a contract for a new and wholly different improvement is substituted for the former contract, without the proper preliminai-y steps, an assessment against abutting lots, to pay the cost of such new improvement, would be equally illegal. "Whether the petition presents such a case, we need not now determine.
We are of opinion that the petition is sufficient, and that the district court erred in sustaining a demurrer to it, and in dismissing the action. The treasurer was a necessary party, and, as to him, a cause of action was stated. But we are also of opinion that it is the duty of the court to require the city to be made a party, and that a failure to comply with such order would be ground for dismissing the action. R. S. §§ 5013, 5311. The ground upon which we reverse the judgment does not relate to the legality of the assessment. We assume for this purpose that it was not illegal. The question finally to be determined on this branch of the case is whether there was such a departure from the contract in the performance of the work, as to afford ground of relief against the enforcement of the assessment, and upon that question the city is plainly interested and should be heard.
We purposely abstain from laying down any rule by which to determine what is a “substantial defect” within the meaning of section 2289, or what will constitute an abandonment of the preliminary steps and the contract for the construction of the work, and the substitution of a new contract. These matters can be more properly considered in a case like this, when all the facts are ascertained.

Judgment reversed.